# EXHIBIT C

*LYNCH, J*

**07 CV 6317**

**JUDGE LYNCH**

John R. Keough, III (JK 6013)
John R. Foster (JF 3635)
Cody D. Constable (CC 6659)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for Plaintiffs
SOUTH PACIFIC SHIPPING CO. LTD.
and PACIFIC FRUIT INC.
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SOUTH PACIFIC SHIPPING CO. LTD.
(d/b/a Ecuadorian Line) and PACIFIC FRUIT INC.,

                         Plaintiffs,

    -against-

NEW YORK CONTAINER TERMINAL, INC.,

                         Defendant.
----------------------------------------------------------------X

ECF CASE

07 Civ.

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

      Upon the declarations of Carlos A. Aguirre and Kevin Horvath dated the 10th day of July, 2007, and upon the copy of the complaint hereto annexed, it is

      ORDERED, that the above named defendant show cause before a motion term of this Court, at Room _____ United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on July ____, 2007, at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining, individually, jointly and severally, New York Container Terminal, Inc. ("NYCT") and its officers, agents, servants, attorneys, successors and assigns, and all persons, firms, corporations and entities in active concert or participation with NYCT who receive actual notice of this order by personal service or otherwise, pending further

of this Court, from refusing or in any way failing to perform NYCT's contractual duties to Ecuadorian Line pursuant to the Terminal Operating, Stevedoring and CFS agreement dated April 29, 1997, as amended by the Confidential Stevedoring Rate Schedule for Ecuadorian Line, dated October 1, 2005, including but not limited to providing:

(i) Terminal services, stevedoring and breakbulk cargo handling services and container freight station services, for breakbulk cargo and containers to be loaded onto or discharged from the vessels owned, operated, chartered or controlled by South Pacific;

(ii) A single berth, located at the south end of the wharf at the New York Container Terminal, and of adequate length to dock vessels on arrival guaranteed on Wednesdays, Thursdays, and Fridays, and on other days, to give South Pacific's vessels priority for a berth, to make available at least one crane, and to make every effort to make a second berth available should South Pacific require it;

(iii) Adequate yard space for receiving, delivering, parking, sorting, consolidating and handling loaded and empty containers on chassis and without chassis, as required;

(iv) Shoreside container gantry cranes suitable to handle containers up to 40 tons capacity;

(v) Stevedoring and terminal operating services upon arrival of South Pacific's vessels on Wednesdays, Thursdays and Fridays; adequate warehouse space, temperature and humidity controlled, adequate handling equipment and personnel in the on-dock container freight station to accommodate South Pacific's perishable cargo requirements, including truck loading;

(vi) Labor, supervision, normal watching services and terminal services;

(vii)   Stevedoring services on a 24-hour-a day, 7-day-a-week basis consistent with the International Longshoremen's Association collective bargaining agreement and the customs and practices currently existing within the port;

from requiring payment of the alleged extra handling charge or monthly surcharge of $80,000 per month or any other amount for such an alleged charge; from delaying or causing delay in the unloading of the cargoes of South Pacific's vessels; and from interfering with or causing interference with South Pacific's vessels and/or the perishable cargoes of Pacific Fruit on such Vessels at the port of New York; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the defendant is temporarily restrained and enjoined from refusing or failing in any way to perform its contractual duties to South Pacific Shipping Co. Ltd. pursuant to the Terminal Operating, Stevedoring and CFS Agreement dated April 29, 1997, as amended by the Confidential Stevedoring Rate Schedule for Ecuadorian Line dated October 1, 2005, including but not limited to providing the services described above in sub-paragraphs (i) through (vii); from requiring payment of the alleged extra handling charge or monthly surcharge of $80,000 per month or any other amount for such an alleged charge; from delaying or causing delay in the unloading of the cargoes; and from interfering with or causing interference with South Pacific's vessels and/or the perishable cargoes of Pacific Fruit or the cargoes on such vessels at the Port of New York; and it is further ORDERED THAT Security in the amt of $_____ be posted by _____ 2007,

ORDERED that personal service of a copy of this order and annexed Declarations upon the defendant or his counsel on or before _____ o'clock in the ____noon, _____, 2007, shall be deemed good and effective service thereof.

3

Dated: New York, New York

ISSUED: _____


                                                               _____
                                                                       United States District Judge