# EXHIBIT D

## Mark M. Jaffe

**From:** Mark M. Jaffe
**Sent:** Wednesday, July 11, 2007 11:23 PM
**To:** 'John R. Foster'
**Subject:** RE: South Pacific Shipping v NY Container Terminal

*WITHOUT PREJUDICE*

John:

On a going forward basis and for the sake of good order we deal with the $2 million damage estimate that we provided to you this morning. As your client is aware, NYCTI has been studying the extent of loss of productivity and extra costs arising from the service change since the beginning of the year. One aspect of that study dealing with the loss of productivity has been furnished to you earlier today. However, your client needs to be aware what other aspects of the operation are also being evaluated related to equipment, etc. In some cases, it appears that there have been savings, but for other aspects, there are certainly extra costs. The results of those studies are not yet available. All in all, however, it is clear that the extra costs on the stevedoring side are going to well exceed $1 million by September, but we have urged $1 million as a provisional figure.

In addition, the change in working days and the extension of the time of each vessel has to be worked will begin driving other damages in terms of the Terminal's operations, particularly at a time when the Terminal will be receiving additional vessel calls from other customers. Those aspects are also being studied, but there are no results available so far--but clearly the claim will likely be headed over the $2 million estimate provided this morning.

Regards.

```
-----Original Message-----
From: John R. Foster [mailto:j.foster@waeschelaw.com]
Sent: Wednesday, July 11, 2007 1:27 PM
To: Mark M. Jaffe
Subject: South Pacific Shipping v NY Container Terminal

Mark:

Confirming our telephone conversation of a few minutes ago, my
understanding is:

1. NY Container Terminal will work the ship coming in tomorrow.

2. NY Container Terminal contends that it has a claim for ~$2 million
against South Pacific Shipping for stevedoring charges. NYCT contends
that it has the right to arrest South Pacific vessels as security for
its claim.

3. South Pacific will use its best efforts to obtain a Club letter for
$1 million as security for NYCT's claimed stevedoring charges for the
period from inception through 90 days after the date of the Club letter.

4. In order to present NYCT's demand for security to the Club, South
Pacific needs from you a letter demanding security and providing a
calculation of the claimed amount. As mentioned, the $2 million figure
```

is news to Pacific Fruit.

5. In return for the Club letter, NYCT will refrain from seizing South Pacific assets in accordance with standard Club wording.

5. Also in return for the Club letter, NYCT will continue normal working of the South Pacific's vessels, with the understanding that the issue of working the vessels on a restricted-service basis subsequent to 9/1/07 will be addressed by the parties later.

Please let me know if I have made any mistakes in what was discussed.

Based on my understanding that tomorrow's vessel will be worked, I have advised Judge Stein's Chambers that a) tomorrow's problem has been resolved by the parties, b) the need for a TRO is therefore presently moot, and c) if there are any further problems, such as next week, we will raise them then with Judge Lynch.


Regards,

John R. Foster

Waesche, Sheinbaum & O'Regan, P.C.
111 Broadway
New York, NY 10006
Voice: (212) 227-3550
Fax: (212) 267-5767
email: j.foster@waeschelaw.com

7/11/2007