# EXHIBIT G

# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:

(212) 589-7524

July 19, 2007

*WITHOUT PREJUDICE*

VIA EMAIL AND MAIL

John R. Foster, Esq.
John R. Keough III, Esq.
Waesche, Sheinbaum & O'Regan, P.C.
111 Broadway, Fourth Floor
New York, NY 10006

Re:     South Pacific Shipping v. NYCT
        Our File No. 5027-9

Gentlemen:

We refer to our telephone discussion of yesterday, July 18, 2007, wherein you advised that your clients were endeavoring to arrange a Club letter from Charterers' P&I Club. We were out of the office for meetings for the bulk of the day and were disappointed to have returned this evening to find no word from you with regard to the Club letter or alternate security. Meanwhile, there is a further vessel call next week, and it appears that NYCT is being requested to extend further credit to your clients where it is clear that NYCT will continue to incur damages by reason of inadequate compensation for the costs and services now required.

The delay on the part of your clients in being able to furnish security via a Club letter or otherwise has introduced a new element to NYCT's perception of matters. The apparent inability of your clients to expeditiously furnish security suggests that your clients' creditworthiness is not what it was thought to be, and NYCT is deeming itself increasingly insecure as additional extra costs are being incurred. Clearly, where your clients have procured an Order requiring their vessels to be worked, a court is not likely to order NYCT to continue to render services in the face of NYCT's growing claims for losses each time a vessel calls at NYCT's Terminal.

Our client requests that the security issue be resolved either by Club letter, bond, or a letter of credit by the close of business on Tuesday, July 24, 2007. Otherwise, we are instructed to request the Court to order that at least $1 million in security be posted or to dissolve the Order. A form of letter of credit is enclosed to expedite matters.

{NY061102.1 }

FLORIDA

601 BRICKELL KEY DRIVE, SUITE 500
MIAMI, FL 33131
(786) 425-9900 • FAX: (786) 425-9090

John R. Foster, Esq.
John R. Keough III, Esq.
July 19, 2007
Page 2 of 2

We have also been asked to convey that the creditworthiness issue extends beyond the present dispute. NYCT is under new ownership and is now owned by pension fund investors who have the requirement of the steady cash flows necessary to meet pension obligations. For this reason, NYCT needs to maximize its cash flows, and customer creditworthiness is and will be a substantial factor in dealings with customers and determining whether to renew contracts. Your clients should guide themselves accordingly.

Sincerely,

Mark M. Jaffe

MMJ/bp
encl

{NY035732.1 }

**STANDBY LETTER OF CREDIT NO. _____**
**DATE OF ISSUE: JULY ___ , 2007**

**ISSUING BANK:**

**APPLICANT:**

**BENEFICIARY:**

NEW YORK CONTAINER TERMINAL, INC.
30 WESTERN AVENUE
STATEN ISLAND, NY 10303

**AMOUNT/CURRENCY:**

USD $1,000,000
ONE MILLION AND 00/100'S US DOLLARS

**DATE AND PLACE OF EXPIRY:**

JULY _____, 2008 AT OUR COUNTERS

AT THE REQUEST OF _____ , WE HEREBY OPEN
THIS CLEAN (EXCEPT AS STATED HEREIN) IRREVOCABLE LETTER OF CREDIT NO.
_____ IN YOUR FAVOR UP TO AN AGGREGATE OF $1,000,000 U.S. DOLLARS,
AVAILABLE BY YOUR DRAFT(S) ON US AT SIGHT.

WE WARRANT TO YOU THAT ALL DRAFTS UNDER THIS CLEAN IRREVOCABLE LETTER OF
CREDIT WILL BE DULY HONORED UPON PRESENTATION OF YOUR DRAFT(S) DRAWN ON
US AND PRESENTED TO US AT OUR OFFICE LOCATED AT _____
ATTN: _____ ON OR BEFORE THE EXPIRATION DATE SET FORTH BELOW OR
FUTURE EXPIRATION DATE AS INDICATED BELOW.  OUR OBLIGATION UNDER THIS
LETTER OF CREDIT IS THE INDIVIDUAL OBLIGATION OF [NAME OF BANK] AND IS IN NO
WAY CONTINGENT UPON REIMBURSEMENT WITH RESPECT THERETO, OR UPON OUR
ABILITY TO PERFECT ANY LIEN OR SECURITY INTEREST.

ALL DRAFTS MUST BE MARKED "DRAWN UNDER [NAME OF BANK] LETTER OF CREDIT NO.
_____ DATED JULY ____, 2007."  PARTIAL DRAWINGS UNDER THIS LETTER OF
CREDIT ARE PERMITTED.

THIS CLEAN (EXCEPT AS STATED HEREIN) IRREVOCABLE LETTER OF CREDIT EXPIRES AT
THE CLOSE OF BUSINESS ON JULY ___, 2008.  THIS CLEAN (EXCEPT AS STATED HEREIN)
IRREVOCABLE LETTER OF CREDIT SHALL BE AUTOMATICALLY EXTENDED WITHOUT
AMENDMENT FOR PERIOD(S) OF ONE YEAR EACH FROM THE CURRENT EXPIRY DATE
HEREOF, OR ANY FUTURE EXPIRATION DATE, UNLESS AT LEAST SIXTY (60) DAYS PRIOR
TO ANY EXPIRATION DATE, WE NOTIFY YOU BE REGISTERED MAIL AT THE ABOVE LISTED
ADDRESS THAT WE ELECT NOT TO CONSIDER THIS LETTER OF CREDIT RENEWED FOR
ANY SUCH ADDITIONAL PERIOD.  UPON RECEIPT BY YOU OF SUCH NOTICE YOU MAY
DRAW ON US AT SIGHT FOR THE BALANCE REMAINING IN THIS LETTER OF CREDIT
WITHIN THE THEN APPLICABLE EXPIRATION DATE, NO STATEMENT REQUIRED.

THIS IS AN INTEGRAL PART OF LETTER OF CREDIT NUMBER: _____

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, THIS LETTER OF CREDIT IS
SUBJECT TO THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY CREDITS (2006
REVISION) INTERNATIONAL CHAMBER OF COMMERCE PUBLICATION NO. 600.

_____
AUTHORIZED SIGNATURE

THIS DOCUMENT CONSISTS OF 2 PAGE(S)