# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 LIBERTY STREET, 26TH FLOOR
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:

(212) 589-7541

August 13, 2007

**BY HAND**

Honorable Gerard E. Lynch
United States District Judge
500 Pearl Street, Room 910
New York, New York 10007-1312

    Re:   South Pacific Shipping, et al. v. New York Container Terminal
           07 Civ. 6317 (GEL)
           Our File No. 5027.0009

Dear Judge Lynch:

    As Mr. Jaffe stated in Court on August 9th, there were two typographical errors in Defendant's August 7, 2007 Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction.

    Enclosed are the replacement pages 4 and 8, with the typographical errors corrected. The corrected changes are highlighted.

                                                       Respectfully submitted,

                                                       HILL, BETTS & NASH LLP

                        By:      _/s/ Elizabeth McCoy_
                                       Elizabeth McCoy

cc:   John R. Foster, Esq.
       (*via e-mail*)

{NY062631.1 }

Terminal remained uneventful through the end of 2006 as South Pacific continued to use its Island Class vessels to call at the Terminal in the above pattern.

In January 2007, South Pacific removed the Island Class vessels from their former rotation, substituting the Ocean Class vessels which theretofore had been sent directly from Ecuador to Europe. This change in vessels had a significant negative effect on NYCT's operations.

The most significant difference between the Island Class and Ocean Class vessels was that, because the Ocean Class vessels carried far fewer containers, their entire cargo of palletized, non-containerized cargo was suddenly offloaded beginning in January 2007 at the Terminal. The Ocean Class vessels contained a substantially different mix of non-containerized palletized bananas than did the Island Class vessels. Whereas the Island Class vessels discharged approximately 2000 pallets and 160 containers per call, the Ocean Class vessels discharged approximately 4000 pallets and only approximately 66 containers per call. Stevedoring pallets as opposed to refrigerated containers is much more labor- and equipment-intensive and has taxed the resources of NYCT which, as noted above, could only handle approximately 2,000 non-containerized pallets per vessel call within the time, labor, and space limitations contemplated by the Stevedoring Contract and the Confidential Rate Schedule.

From January to July 2007, the Terminal received from the Ocean Class vessels, approximately double the number of non-containerized, palletized boxes of bananas than in comparable months in the proceeding six years. For each of the first seven months of each year between 2001 to 2006, South Pacific tendered non-containerized pallets containing an average of 350,886 boxes of fruit, while for each of the same seven (7)

3) the provision of labor gangs are controlled by unions, as discussed above.

Forcing NYCT to work the Ocean Class vessels, particularly on a Wednesday, Thursday or Friday arrival schedule, also raises safety concerns. The general condition of South Pacific's Ocean Class vessels leaves much to be desired. Broken deck plates, confined working areas, and other conditions precipitate concerns over safety in discharging the vessels.

South Pacific's January 2007 switch in vessels and doubling of the previous throughput of non-containerized, palletized bananas materially altered the pro forma on which the rates and terms in the Confidential Rate Schedule were based, and violated the express conditions of the Confidential Rate Schedule. Further, South Pacific has made a commercially unreasonable increase in its output of non-containerized, palletized bananas. South Pacific's failure to pay reasonable additional amounts to compensate NYCT for NYCT's increased labor, equipment and productivity costs, and to make reasonable adjustments to its delivery schedule, constitutes a breach of contract.

Since South Pacific, and not NYCT, has breached the parties' contract, plaintiffs cannot show "likelihood of success on the merits" of their contract claim. Further, plaintiffs cannot state a claim for tortious interference with contract or prospective business relations. Nor can plaintiffs demonstrate the "irreparable harm" necessary for grant of a preliminary injunction, as any harm to them resulting from failure to grant an injunction is compensable in money damages, and any alleged "irreparable harm" is of their own making. Finally, plaintiffs cannot demonstrate "sufficiently serious questions going to the merits to make them a fair ground for litigation and that the balance of