UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SOUTH PACIFIC SHIPPING CO. LTD.                        07 Civ. 6317 (GEL)(KNF)
(d/b/a Ecuadorian Line) and PACIFIC FRUIT INC.,

                Plaintiffs,                      **PRELIMINARY INJUNCTION**
                                                                **ORDER**

    -against-

NEW YORK CONTAINER TERMINAL, INC.,

                Defendant.
------------------------------------------------------------------X

        WHEREAS, this Court entered a Temporary Restraining Order dated July 26, 2007, temporarily restraining Defendant with respect to the servicing of South Pacific's ships at Defendant's facilities; and

        WHEREAS, the Court held a hearing on August 8-9, 2007, on Plaintiffs' motion for a preliminary injunction pursuant to Fed.R.Civ.P. 65; and

        WHEREAS, on August 14, 2007, this Court issued a ruling in open court granting Plaintiffs' motion and setting forth specifically the reasons for its issuance.  For good cause shown,

        IT IS HEREBY ORDERED that

        1.        The Defendant, New York Container Terminal, Inc., its officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby restrained and enjoined from failing to provide terminal services, stevedoring, and breakbulk cargo (including palletized fresh fruit) handling services and container freight station services for breakbulk cargo and containers to be loaded onto or discharged from South Pacific vessels in accordance with the Terminal

        Operating, Stevedoring and CFS agreement dated April 29, 1997, as amended by the Confidential Stevedoring Rate Schedule for Ecuadorian Line, dated October 1, 2005 ("The Agreement"), including, but not limited to, from failing to provide the services set forth in Section II of the Agreement, including specifically a single berth, located at the south end of the wharf at the NYCT, and of adequate length to dock vessels on arrival, with such berth guaranteed on Wednesdays, Thursdays, and Fridays, subject to the provisions of Section 2.1 (1) of the Agreement.

2.     The Defendant, New York Container Terminal Inc., its officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are further restrained and enjoined from:

    a.   Delaying, or causing delay, in the loading, unloading, or handling of the cargoes of South Pacific's vessels at Defendant's terminal in Staten Island, New York; and

    b.   Withholding any services specified in the Agreement by reason of any alleged extra handling charge or monthly surcharge due, including, but not limited to, the alleged extra charge of $80,000 per month.

3.     Except as provided in Paragraphs 1 and 2 of this Order, nothing contained herein shall bar any party from exercising any legal right or claim that it may have or alleges to have arising out of or in relation to the Agreement.

4.     This Preliminary Injunction Order is effective upon its issuance, and shall remain in effect until further Order of the Court.

3

     5.     Security in the amount of $250,000.00 which Plaintiff posted with the Clerk of the Court on July 30, 2007 remains in effect.

Dated: New York, New York
       August ____, 2007

                              SO ORDERED:

                              _____
                              Gerard E. Lynch, U.S.D.J.